Nola Foulston Sedgwick County District Attorney 535 N. Main Wichita, Kansas 67203
Dear Ms. Foulston:
As district attorney for Sedgwick county you request our opinion on availability of certain county appraisers' records requested by private appraisers. Your questions are:
 "1. Is the County Appraiser required to produce for public inspection the enclosed individual taxpayer questionnaires which were used as part of a capitalization rate study, if a knowledgeable individual might determine from the information contained in the questionnaires the identity of some of the properties and owners?
 "2. Is the appraiser required to produce the questionnaires if enough property and taxpayer identifying information can be deleted so as to eliminate identification of the property and taxpayer/owner?"
The Kansas open records act (KORA), K.S.A. 45-215 et seq., provides that public records must "be open for inspection by any person. . . ." K.S.A. 45-216(a). A "public record" is "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or in the possession of any public agency." K.S.A. 45-217(f)(1). County offices are public agencies. K.S.A. 45-217(e)(1). Under these definitions, the records in question are public records.
Furthermore, K.S.A. 79-1458 states:
 "The county appraiser shall install and maintain such records and data relating to the identification and appraisal of all property in the county, taxable and exempt, required by the director of property valuation.
 "Except as specifically provided by law, all records of the county appraiser, the county board of equalization and the director of property valuation relating to the identification and appraisal of real and personal property shall be open at all reasonable times to public inspection."
However, not all public records are required to be disclosed. K.S.A.45-221(b) in part provides:
 "Except to the extent disclosure is otherwise required by law or as appropriate during the course of an administrative proceeding or on appeal from agency action, a public agency or officer shall not disclose financial information of a taxpayer which may be required or requested by a county appraiser to assist in the determination of the value of the taxpayer's property for ad valorem taxation purposes. . . ."
Further K.S.A. 45-221(d) provides:
 "If a public record contains material which is not subject to disclosure pursuant to this act, the public agency shall separate or delete such material and make available to the requester that material in the public record which is subject to disclosure pursuant to this act. If a public record is not subject to disclosure because it pertains to an identifiable individual, the public agency shall delete the identifying portions of the record and make available to the requester any remaining portions which are subject to disclosure pursuant to this act, unless the request is for a record pertaining to a specific individual or to such a limited group of individuals that the individuals' identities are reasonably ascertainable, the public agency shall not be required to disclose those portions of the record which pertain to such individual or individuals."
If the disclosure is requested during the course of an administrative proceeding or on appeal from an agency action, then the county appraiser's office must comply with the request and disclose the information in its entirety. Otherwise, the identifying portions of the questionnaires such as the name, address, and phone number of the owner and financial information of a taxpayer should be deleted before a disclosure.
Furthermore, the county appraiser's office is not required to disclose records on a group of individuals so limited that their identities are reasonably ascertainable. We conclude that the public agency is within its discretion to determine whether certain records requested pertain to a specific individual or such a limited group of individuals and are therefore not open for public inspection.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas